# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| DION M. CLARK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil No. 09-6117-CV-SJ-GAF-P |
| | ) | Crim No. 08-6005-01-CR-SJ-GAF |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Presently before the Court is Movant Dion M. Clark's ("Clark") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. #1). Clark contends his counsel provided ineffective assistance at sentencing and on appeal. (Doc. ##1-2). Respondent United States of America (the "United States" or the "Government") opposes, arguing counsel's representation of Clark did not fall below the objective standard of reasonable competence and did not prejudice Clark's defense. (Doc. #10). For the following reasons, Clark's Motion is **DENIED**.

## DISCUSSION

**A.    Procedural History**

The Government correctly recites the procedural history of this case as follows:

On March 11, 2008, an indictment was returned in the Western District of Missouri charging Clark with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 12.)[1]

On May 9, 2008, Clark appeared before this Court and entered a plea of guilty to the single count of the indictment. (D.E. 22.) During the change of plea hearing, Clark acknowledged that he could be sentenced to a term of imprisonment of up to 10

---

[1]"D.E." refers to the docket entry in Crim. No. 08-6005-01-CR-SJ-GAF.

1

years. (Plea Tr. 4.) Clark acknowledged that this Court would determine the appropriate sentence after considering all statutory factors, including the advisory Sentencing Guidelines, and that this Court would make all sentencing determinations based on a preponderance of the evidence. (Plea Tr. 5-6.) This Court accepted Clark's guilty plea. (Plea Tr. 8-13.)

A final Presentencing Investigation Report was issued on August 25, 2008. The PSR calculated a base offense level 24, based upon Clark's two felony convictions for a crime of violence, pursuant to § 2K2.1(a)(2).[2] (PSR 5.) A three-level reduction was granted for acceptance of responsibility, yielding a total offense level 21. (PSR 5.)

As noted, Clark had two prior felony convictions for a crime of violence: (1) unlawful use of a weapon by discharging a firearm into an occupied dwelling, in Buchanan County, Missouri, Case No. CR397-1344; and (2) felon in possession of a firearm (sawed-off shotgun), in the Western District of Missouri, Case No. 03-00320-01-CR-W-GAF. (PSR 8-12.) The PSR in that prior case indicated that the shotgun had a barrel length of 12.6 inches. (PSR 12.) Clark had a total of 11 criminal history points, which yielded a criminal history category V. (PSR 14.)

This yielded an advisory Sentencing Guidelines range of 70-87 months imprisonment. (PSR 18.)

Prior to sentencing, Clark objected to the prior felon in possession charge being considered a crime of violence. (PSR Addendum, August 25, 2008.) Clark argued: (1) that the conviction was for being a felon in possession of a firearm, and not specifically a sawed-off shotgun; and (2) that the elements of felon in possession of a firearm did not constitute a crime of violence. Clark contended that this Court was barred from looking at the facts underlying the conviction. The Probation Officer responded that according to Application Note 1 of § 4B1.2, a prior conviction for felon in possession of a a [sic] sawed-off shotgun, a sawed-off rifle, a silencer, a bomb, or a machine gun, as described in 26 U.S.C. § 5845(a), should be considered a crime of violence.

On September 24, 2008, Clark appeared for sentencing. (D.E. 24.) Clark continued his objection that this Court was barred from looking at the facts underlying the conviction, and must confine its rulings to the elements of § 922(g). (Sent. Tr. 2-3.) Clark also contended, under Supreme Court case law, that simple possession of a sawed-off shotgun could not be considered a crime of violence, citing *Begay v. United States*, 128 S. Ct. 1581 (2008), and *United States v. Williams*, 546 F.3d 961

---

[2]Absent the finding that the felon in possession of a sawed-off shotgun was a crime of violence, the PSR would have called for a base offense level 20, pursuant to § 2K2.1(a)(4).

(8th Cir. 2008). (Sent. Tr. 3-4.) This Court denied those objections (Sent. Tr. 4), and sentenced Clark to 87 months imprisonment. (Sent. Tr. 11.)

Clark appealed, arguing that this Court erred in looking at the underlying facts of the conviction. *United States v. Clark*, 563 F.3d 771, 772 (8th Cir. 2009). The Eighth Circuit held that when a statute encompasses both non-violent crimes and crimes of violence, the court may examine the underlying facts using appropriate documents. *Id*. at 773 (citing *United States v. Eastin*, 445 F.3d 1019, 1021 (8th Cir. 2006)). After the Eighth Circuit affirmed, Clark filed a petition seeking a writ of certiorari with the Supreme Court, which was denied. *Clark v. United States*, 130 S. Ct. 282 (2009).

Clark has now filed a motion in which he presents two claims of ineffective assistance of counsel, and seeks to vacate his sentence. The Government agrees that the claims, though without merit under the law, are timely filed.

(Doc. #10, pp. 2-5).

**B.   Analysis**

As stated above, Clark claims he received ineffective assistance of counsel at sentencing and on appeal. Specifically, Clark submits his counsel (1) failed to argue at sentencing that a prior felon in possession conviction could not be used to enhance his sentence and (2) should have challenged the sentence enhancement under *Begay v. United States*, 553 U.S. 137 (2008), on appeal.[3]

To prove a claim of ineffective assistance of counsel, Clark must show (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that counsel's errors were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Failure to satisfy both prongs is fatal to Clark's claims. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (finding no need to reach a conclusion on the performance

---

[3]Clark mixes legal terms of art that are not applicable to the issues presented. For example, he repeatedly used the term "conflict of interest" when describing counsel's alleged ineffectiveness, yet provides no facts supporting an actual conflict of interest.

3

prong if the defendant suffered no prejudice from the alleged ineffectiveness); *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (same).

The first prong requires the Court to "apply an objective standard and 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance,' while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Nave*, 62 F.3d at 1035 (citing *Strickland*, 466 U.S. at 689-90). To demonstrate prejudice, Clark "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Huls v. Lockhart*, 958 F.2d 212, 214 (8th Cir. 1992).

The *Strickland* test applies to claims of ineffectiveness of both trial and appellate counsel. *See Henderson v. Sargent*, 926 F.2d 706, 709-710 (8th Cir. 1991). The Court's review of counsel's performance is deferential and the presumption is that counsel was competent and effective. *Smith v. Lockhart*, 921 F.2d 154, 156 (8th Cir. 1990). Additionally, appellate counsel's performance is reviewed in light of his or her function to screen out weaker claims, *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998), and is not deficient when he or she does not raise meritless issues on appeal. *Kitt v. Clarke*, 931 F.2d 1246, 1250 (8th Cir. 1991) (citing *Meyer v. Sargent*, 854 F.2d 1110, 1115-16 (8th Cir. 1988)).

   1.   *Ineffectiveness of Counsel at Sentencing*

Clark first alleges his counsel was ineffective at sentencing by failing to object to information regarding the barrel length of a shotgun for which Clark was previously convicted of illegally possessing, resulting in a finding that this conviction was for a crime of violence. In Case No. 03-0320-01-CR-W-GAF (the "2003 case"), the indictment erroneously listed the barrel length

4

as less than 18.5 inches rather than 18 inches[4]; however, the PSR in that case stated that the actual barrel was 12.6 inches long. Clark waged no objections to the barrel length listed in either the indictment or the PSR in the 2003 case during its prosecution. It appears Clark still does not take issue with the barrel length as listed in the PSR[5] because he complains now only that, by not raising the objection at sentencing, the appeals court used a heightened standard when addressing the objection on appeal.

Clark is incorrect. His counsel did object to the Court using the PSR's recitation of the barrel length when determining if Clark's prior conviction was considered a crime of violence. In fact, the first objection counsel raised addressed this very issue. (Sent. Tr., 2:19-3:11). Counsel urged the Court to only look to the indictment when determining whether Clark had previously been convicted of a crime of violence rather than the underlying facts of instance (i.e. the facts set forth in the PSR). *Id.* The Court rejected counsel's argument, *id.* at 4:7-13, and the Eighth Circuit affirmed. *United States v. Clark*, 563 F.3d 771 (8th Cir. 2009). After reviewing this Court's legal determination de novo, the Eighth Circuit held it was appropriate for this Court to examine the underlying facts of the 2003 case to determine whether Clark had previously been convicted of a crime of violence. *Id.* at 772-73.

---

[4] Under the Sentencing Guidelines, "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g. a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2009). *See also United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999). Section 5845(a) describes, in part, "a shotgun having a barrel or barrels of less than 18 inches in length."

[5] In fact, Clark cannot take issue with the 2003 case's PSR. Clark and his counsel could not legally represent that the gun at issue in the 2003 case was not a sawed-off shotgun because this issue was not objected to during that case's prosecution and has not been set aside. *See Daniels v. United States*, 532 U.S. 374, 382 (2001).

Furthermore, because counsel did not err as Clark alleges, he cannot show that the outcome would have differed. Therefore, Clark was not prejudiced by counsel. For these reasons, Clark has not overcome the presumption that counsel's representation at sentencing was competent and effective.

   2.     *Ineffectiveness of Appellate Counsel*

In his second point, Clark alleges his appellate counsel was ineffective by failing to renew the objection under *Begay* to the sentencing enhancement. "[T]he Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal." *Roe*, 160 F.3d at 418 (citing *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)). "Absent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Id.* (internal quotation marks and citations omitted).

Here, Clark has not presented any evidence rebutting the presumption that counsel's decision to omit the *Begay* argument on appeal was anything other than sound appellate strategy. While the *Begay* decision certainly narrowed what constitutes a violent felony under the Armed Career Criminal Act of 1984, Pub. L. No. 98-473, 98 Stat. 2185, it does not address the term "crime of violence" as that term is defined in the Sentencing Guidelines. *Begay*, 553 U.S. 137. Given that the Eighth Circuit had previously held that possessing a sawed-off shotgun was a crime of violence under the Sentencing Guidelines, *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999), and that *Begay* was not directly on point, counsel's decision to eliminate this argument was not "outside the range of professionally competent assistance." *Nave*, 62 F.3d at 1035.

Nor can Clark show he was prejudiced by counsel's decision to abstain from pursuing the *Begay* objection. Since the Supreme Court decided *Begay*, the Eighth Circuit has continued to hold

6

that possession of a sawed-off shotgun is considered a crime of violence under the Sentencing Guidelines. *See United States v. Vincent*, 575 F.3d 820, 826 (8th Cir. 2009) (citing U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1). There is no reason to believe the Eighth Circuit would have wavered from this position in Clark's case. Thus, point two is without merit.

C.    **Evidentiary Hearing and Certificate of Appealability**

"A defendant is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief." *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (internal quotation marks and citation omitted). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* As discussed thoroughly above, Clark's allegations are either contradicted by the record or do not entitle him to relief even if accepted as true. No evidentiary hearing is required under the circumstances of this case.

The Government also requests the Court deny Clark a certificate of appealability. A certificate of appealability should issue only if a habeas prisoner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted). There is no room for debate over Clark's claims and the law affords him no relief. A certificate of appealability shall not issue.

## CONCLUSION

Clark's claims of ineffective assistance of counsel are without merit and his Motion is **DENIED**. The futility of Clark's arguments render an evidentiary hearing unwarranted; thus, the request for such hearing is **DENIED**. Finally, Clark has failed to make a substantial showing of the denial of a constitutional right; therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED: February 10, 2010